## MOULTON *v.* CORNISH.

PRINCIPAL AND SURETY; BONDS; EQUITY; TEMPORARY RESTRAINING ORDERS.

1. The liability of the principal and surety in a bond is measured by the bond itself, and neither can be bound beyond its terms and legal effect.
2. While the temporary restraining order provided for by sec. 718, U. S. Rev. Stat. U. S. Comp. Stat. 1901, p. 580, is a species of temporary injunction, it may, unlike the latter, be made without notice to the opposite party, where there is danger of irreparable injury, and it is only authorized to continue until the pending motion for a temporary injunction can be heard and decided.
3. Where, in an equity suit, an order was made on the filing of the bill, and without notice to the defendant, restraining the defendant, as prayed, until "further hearing, if any," to be had on a day named, of which the defendant was required to take notice, conditioned upon the filing by the complainant of an undertaking to indemnify the defendant, and such an undertaking was given, and, upon the coming in of the answer of the defendant, with a motion by him to dissolve the restraining order, the court denied the motion, and continued the restraining order in force until the final hearing,

when the bill was dismissed, and a decree entered against the complainant and his surety on the undertaking for damages sustained by the defendant for the wrongful issue of the injunction, it was *held*, reversing the decree so far as it awarded damages, that the undertaking had fully performed its office when the order overruling the motion to dissolve was made, and liability under it then terminated, and defendant could only recover upon it the damages he sustained up to that date.

4. While probably by consent of the parties to the suit, an undertaking given upon the suing out of a restraining order may be continued in force for all the purposes of a temporary injunction granted upon the hearing of a motion to dissolve the restraining order, this cannot be done without express consent of the surety.

No. 1979. Submitted March 12, 1909. Decided April 6, 1909.

HEARING on an appeal by the complainant and the surety on his bond, in a suit in equity for an injunction from a decree of the Supreme Court of the District of Columbia awarding damages against him and the surety upon an undertaking given to obtain a restraining order. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree awarding damages against plaintiff, Hosea B. Moulton, and his surety, Isaac S. Lyons, upon an undertaking given to obtain a restraining order.

Moulton sued George G. Cornish to recover a tontine policy of life insurance, assigned by him to the defendant as collateral security·for a loan of money. He alleged the payment of the loan, and fearing that defendant might surrender the policy, then about to mature, and receive the sum of nearly $5,000, according to its stipulations, he prayed for an injunction restraining such settlement. On May 12, 1905, an order restraining the liquidation of the policy was procured from one of the justices of the supreme court of the District, until "further hearing, if any, to be had on May 26, 1905, of which the defendants will take notice," conditioned upon the execution of an undertaking to indemnify the defendant, as provided by the rules of

court.   May 13, 1905, plaintiff, with Isaac S. Lyon as surety, executed the undertaking to make good to defendant all damages by him suffered or sustained by reason of wrongfully and inequitably suing out the injunction, and stipulating that the damages may be ascertained in such manner as the justice shall direct, and that, on dissolving the injunction, he may give judgment thereon against the principal and surety for said damages in the decree dissolving the injunction.

On May 29, 1905, defendant answered under oath, denying the equities of the bill, and moved to dissolve the order.   On June 13, 1905, the following order was entered:

"This cause coming on to be heard upon the bill and amended bill, the answer and affidavit filed herein, and on the defendant's motion to dissolve, the restraining order granted herein, after argument by counsel on both sides and after due consideration, it is, this 13th day of June, 1905, ordered that said motion be, and it is hereby, denied, and that the said restraining order be, and it is hereby, continued in force until the final hearing of this cause."

No additional bond was given.

Testimony having been taken in the case, it came on for hearing on November 13, 1908, and the result was a decree dissolving the injunction and dismissing the bill with costs.   It was further decreed that defendant recover of plaintiff and his surety on the bond the sum of $990.34 for the damages sustained through the wrongful issue of the injunction.   This appeal is from so much of said decree as awarded the damages aforesaid.

*Mr. John Ridout* for the appellants.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The liability of the plaintiff for the damages, as well as that

of his surety, is under and by virtue of the bond executed by them. Neither can be held bound beyond the terms and legal effect of the bond. *Meyers* v. *Block,* 120 U. S. 206, 211, 30 L. ed. 642, 643, 7 Sup. Ct. Rep. 525.

The authority to grant a restraining order before the hearing of a motion for an interlocutory injunction is conferred by sec. 718, Rev. Stat. U. S. Comp. Stat. 1901, p. 580. The distinction between such a restraining order and an interlocutory or temporary injunction is thus pointed out in a recent decision of the Supreme Court of the United States: "Under this section, originally passed June 1, 1872 (17 Stat. at L. 196, 197, chap. 255, § 7), a restraining order with features distinguishing it from an interlocutory injunction was introduced into the statutory law. In the prior act of Congress of March 3, 1793 (1 Stat. at L. 334, 335, chap. 22), it was provided in sec. 5: 'Nor shall a writ of injunction be granted in any case without reasonable previous notice to the adverse party or his attorney of the time and place of moving for the same.' By force of sec. 718 a judge may grant a restraining order in case it appears to him that there is danger of irreparable injury, to be in force 'until the decision upon the motion' for temporary injunction. Thus, by its very terms the section (718) does not deal with temporary injunctions, concerning which power is given in other sections of the statutes, but is intended to give power to preserve the *status quo,* when there is danger of irreparable injury from delay in giving the notice required by equity rule 55, governing the issue of injunctions. While the statutory restraining order is a species of temporary injunction, it is only authorized, as sec. 718 imports by its terms, until the pending motion for a temporary injunction can be heard and decided." *Houghton* v. *Meyer* (*Houghton* v. *Cortelyou*) 208 U. S. 149, 155, 52 L. ed. 432, 434, 28 Sup. Ct. Rep. 234.

In accordance with the doctrine enounced, it must be held that the undertaking entered into in compliance with the restraining order had fully performed its office when the order of June 13, 1905, was entered. The defendant having had notice and having answered the bill, the substantial object of that

hearing was to determine whether the temporary injunction prayed for should be granted. It is true that the order then entered purported to continue the restraining order until the final hearing, and made no mention of an additional or new bond. But, as the restraining order had answered the purpose of its grant, it necessarily terminated by virtue of the statute authorizing it, when the regular hearing upon notice was had. The recital of its continuance must therefore be regarded as the grant of the temporary injunction, which it was in substance and effect. It is immaterial that the plaintiff and defendant may have regarded the undertaking as continuing in force after that date; or that, if any question had been raised as to the execution of a new undertaking to abide the result of the temporary injunction, the appellants would probably have agreed or conceded that the original undertaking should remain in full force and effect until final hearing. In response to such an argument, in the case before cited, the court said: "We do not think the case can be decided upon conjecture as to what bonds might have been required. We must determine the case upon the liability of the principals and sureties on the bond which was actually given. When the parties gave this undertaking, the court, exercising its discretion, had required that the restraining order should be upon condition that bond be given to secure the defendant against loss because of this temporary restraint."

To protect himself against further probable injury, when the second order was entered the defendant should have asked that a new undertaking be entered into. Probably, by consent of the parties to the suit, the original undertaking might have been continued in force for all the purposes of the temporary injunction, but this could not be done without the express consent of the surety therein. There was no such express consent by the principal, much less by the surety.

Notwithstanding the injury which the appellee has suffered through regarding the original undertaking as in force during the pendency of the suit, we are compelled by the decision in

*Houghton* v. *Meyer,* supra, to hold that the decree was erroneous.

It will, therefore, be reversed with costs, and the cause remanded in order that it may be ascertained what damages, if any, were occasioned by the operation of the restraining order until June 13, 1905. *Reversed.*